IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

---

| | |
|---|---|
| SANTOS ANGEL CHAVEZ,<br><br>      Plaintiff,<br><br>    vs.<br><br>KELLY COMPTON, GEORGE ZORZAKIS, CHUCK MAXWELL, DENNIS MCCAVE, KATE KYDLAND, TARA COOPER, and DR. GEORGE SHEKELTON, in their profession and individual capacities,<br><br>      Defendants. | Cause No. CV 08-028-BLG-RFC-CSO<br><br>**FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO DENY MOTION FOR JUDGMENT** |

---

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.  Plaintiff has brought allegations of excessive use of force and denial of medical care arising from his arrest on June 23, 2007, and his subsequent incarceration in the Yellowstone County Detention Facility.

Currently pending before the Court is Plaintiff's Motion for Judgment against the Yellowstone County Defendants Maxwell, McCave, Kydland, Cooper and Shecketon

(hereinafter "the County Defendants").  (Court's Doc. No. 25).

## A.  Standard

The Court has construed Plaintiff's motion as being filed pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, requesting judgment on the pleadings.  Rule 12(c), as amended, provides that "[a]fter the pleadings are closed – but early enough not to delay trial –  party may move for judgment on the pleadings."[1]  "[J]udgment on the pleadings is properly granted when, taking all the allegations in the pleadings as true, the moving party is entitled to judgment as a matter of law."  Milne ex rel. Coyne v. Stephen Slesinger, Inc., 430 F.3d 1036, 1042 (9th Cir. 2005).

## B.  Parties' Contentions

Plaintiff argues the County Defendants' Answer did not address the exact charge of deliberate indifference to a serious medical condition but only spoke about adequate medical care.  Plaintiff also argues the County Defendants contradict themselves by denying Plaintiff did not receive adequate medical care, but then arguing that their portion of liability, if any, is reduced by the fault of other parties.  Plaintiff contends the County Defendants' statute of limitations defense is "absurd" (Court's Doc. No. 25, at 4, ¶ 5).

The County Defendants contend their Answer was a sufficient denial of Plaintiff's

---

[1] Rule 12(c) was amended, effective December 1, 2007 as "part of the general restyling of the Civil Rules to make them more easily understood.... The[ ] changes are intended to be stylistic only." Fed. R. Civ. P. 12, advisory committee note (2007 Amendment).

claims and Plaintiff is not entitled to judgment as a matter of law. (Court's Doc. No. 27). They argue a general denial is authorized under Fed.R.Civ.P. 8(b)(3) which provides that,

> [a] party that intends in good faith to deny all the allegations of a pleading – including the jurisdictional grounds – may do so by a general denial. A party that does not intend to deny all the allegations must either specifically deny designated allegations or generally deny all except those specifically admitted.

Finally the County Defendants argue their affirmative defenses are allowable pleadings under the rules. See Fed.R.Civ.P. 8(c).

## C.  Analysis

As set forth above, judgment on the pleadings (in this case judgment based upon the County Defendants' Answer) is only appropriate if, "taking all the allegations in the pleadings as true, the moving party is entitled to judgment as a matter of law." Milne, 430 F.3d at 1042.

Fed.R.Civ.P. 10 (b) provides: "A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Plaintiff's Amended Complaint is somewhat difficult to follow and, although it does contain numbered paragraphs, most of the paragraphs containing substantive allegations are not limited to a single set of circumstances as required by the rule. The County Defendants' Answer, containing a general denial and assertion of affirmative defenses, does not contain numbered paragraphs. (See Court's Doc. No.

20).[2]  The better practice, and the one required by Rule 10, is to number the paragraphs in pleadings.  Nonetheless, the Court does not read the County Defendants' Answer to be an admission of Plaintiff's claims.  To the contrary, the Answer fairly denies Plaintiff's allegations against the County Defendants.  As such, Plaintiff's motion should be denied.

Accordingly, the Court issues the following:

### RECOMMENDATION

Plaintiff's Motion for Judgment (Court's Doc. No. 25) should be **DENIED**.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff may serve and file written objections to this Findings and Recommendation within ten (10) business days of the date entered as indicated on the Notice of Electronic Filing.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

A district judge will make a de novo determination of those portions of the Findings and Recommendation to which objection is made.  The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendation.  Failure to timely file written objections may bar a de novo determination by the district judge and may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

---

[2]The Court notes that the Answer filed on behalf of Defendants Compton and Zorzakis does comply with the requirements of Fed.R.Civ.P. 10(b).

**Plaintiff must keep the Court informed of his current address at all times. Failure to do so may result in a recommendation that the case be dismissed.**

DATED this 5th day of December, 2008.

/s/ Carolyn S. Ostby
Carolyn S. Ostby
United States Magistrate Judge

FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO DENY MOTION FOR JUDGMENT – CV-08-00028-BLG-RFC-CSO / PAGE 5