IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| | |
|---|---|
| SANTOS ANGEL CHAVEZ, ) | |
| ) | CV-08-28-BLG-RFC |
| Plaintiff, ) | |
| vs. ) | |
| ) | ORDER ADOPTING FINDINGS |
| KELLY COMPTON, GEORGE ) | AND RECOMMENDATIONS OF |
| ZORZAKIS, CHUCK MAXWELL, ) | U.S. MAGISTRATE JUDGE |
| DENNIS MCCAVE, KATE ) | |
| KYDLAND, TARA COOPER, and DR. ) | |
| GEORGE SHECKLETON, in their ) | |
| professional and individual capacities, ) | |
| ) | |
| Defendants. ) | |

On November 2, 2009, United States Magistrate Judge Carolyn Ostby entered Findings and Recommendation (*Doc. 90*) with respect to Plaintiff's Amended Complaint. Magistrate Judge Ostby recommends that the Amended Complaint be dismissed.

Upon service of a magistrate judge's findings and recommendation, a party has 10 days to file written objections. 28 U.S.C. § 636(b)(1). In this matter, no party filed objections to the November 2, 2009 Findings and Recommendation.

1

Failure to object to a magistrate judge's findings and recommendation waives all objections to the findings of fact. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1999). However, failure to object does not relieve this Court of its burden to review de novo the magistrate judge's conclusions of law. *Barilla v. Ervin*, 886 F.2d 1514, 1518 (9th Cir. 1989).

After a de novo review, the Court determines the Findings and Recommendation of Magistrate Judge Ostby are well grounded in law and fact and HEREBY ORDERS they be adopted in their entirety.

With regard to Chavez's complaint of excessive use of force by Compton at the hotel, Chavez contends Compton "pistol-whipped" him eight or nine times on the back of the head before he was able to knock the gun out of Compton's hand and drive away. The Court has reviewed Chavez's medical records and there is no indication of any abrasions or injuries to the back of Chavez's head. The Court has also viewed the videos taken from the car in which Chavez was placed after his arrest. The videos show the back of Chavez's shaved head for nearly seven minutes, and there is no visible or apparent injury to the back of Chavez's head. Based on the evidence before the Court, a reasonable jury could not conclude that Compton used excessive force against Chavez. *See Bugoni v. Coffman*, 2006 WL

3333078 (D. Ariz. 2006), vacated on other grounds, 321 Fed. Appx. 661 (9th Cir. 2009).

With regard to Chavez's complaint of excessive use of force by Compton after Chavez's arrest, the Court has reviewed the police vehicle videos of Chavez's arrest. The video does not show an assault on Chavez by any police officer. It does not show any indication from Chavez that he was assaulted. It shows, with brief breaks in time, that Chavez was placed against the hood of the police car until the medical ambulance crew arrived and placed Chavez in the ambulance for transport to the hospital. No reasonable jury could believe after viewing those videos that Officer Compton assaulted Chavez at the arrest scene.

With regard to Chavez's complaint of excessive use of force by Zorzakis's alleged used of a knife, Zorzakis testified by affidavit that he did not cut Chavez's shirts and did not possess any knife while on duty on June 23, 2007. There is no evidence to establish Zorzakis as the individual who cut Chavez's shirts. This act cannot be seen on the police DVDs. Moreover, Chavez has no evidence that it was Zorzakis as Chavez cannot identify the officer who cut his shirts or Zorzakis. Regardless of who cut Chavez's shirts, there is no Fourth Amendment constitutional violation because there is nothing to establish this search, in order to

3

identify Chavez, was unreasonable and there is no evidence to establish it was Zorzakis who conducted the search.

To the extent Chavez alleges the cutting of his shirts somehow violates his Fifth Amendment right against self-incrimination, that claim also fails. There is no basis upon which to bring a Fifth Amendment claim as the display of Chavez's tattoos were non-testimonial. *See United States v. Dionisio*, 410 U.S. 1, 5-6, 93 S.Ct. 764, 767, 35 L.Ed.2d 67 (1973); *Schmerber v. California*, 384 U.S. 757, 764, 86 S.Ct. 1826, 1832, 16 L.Ed.2d 908 (1966); *Holt v. United States*, 218 U.S. 245, 252-53, 31 S.Ct. 2, 6, 54 L.Ed. 1021 (1910)(the prohibition against self incrimination is a prohibition against the use of compulsion to extort communication, not an exclusion of one's body as evident when it may be material); *United States v. Valenzuela*, 722 F.2d 1431, 1433 (9th Cir. 1983).

To the extent Chavez raises a claim regarding the destruction of his shirts, that allegation fails to state a claim upon which relief may be granted. In *Hudson v. Palmer*, 468 U.S. 517 (1984), the United States Supreme Court explained that a state official's unauthorized taking of property under color of state law does not violate the Constitution if the State provides an adequate remedy for deprivation. The Montana Tort Claims Act, Mont. Code Ann. §§ 2-9-101, et seq., provides an adequate post-deprivation remedy. Therefore, Chavez cannot state a claim for an

4

intentional deprivation of property under the Due Process Clause of the United States Constitution.

Chavez also alleges a number of denial of medical care claims. Chavez plead guilty on January 18, 2008. Accordingly, Chavez was a pretrial detainee until January 18, 2008.

The Eight Amendment does not apply to pretrial detainees. Rather, a pretrial detainee's challenge to conditions of confinement are evaluated under the Due Process Clause of the Fourteenth Amendment. *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001); *Redman v. County of San Diego*, 942 F.2d 1435, 1440 (9th Cir. 1991) (en banc), *cert. denied*, 502 U.S. 1074, 112 S.Ct. 972, 117 L.Ed.2d 137 (1991); and *Lolli v. County of Orange*, 351 F.3d 410, 418-19 (9th Cir. 2003). As a pretrial detainee, Chavez is protected by the Fourteenth Amendment's Due Process Clause, which establishes that "detainees have a right against jail conditions or restrictions that 'amount to punishment.'" *Pierce v. County of Orange*, 526 F.3d 1190, 1205 (9th Cir. 2008). Because a pretrial detainee's rights under the Fourteenth Amendment are comparable to the rights of prisoners under the Eighth Amendment, the Ninth Circuit has applied Eighth Amendment medical care standards to claims brought by pretrial detainees. *See Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998).

The Eighth Amendment requires that prisoners receive adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *see also McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds by WMX Technologies, Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997). To state an arguable section 1983 claim for failure to provide medical care, a prisoner must allege a defendant's "acts or omissions [were] sufficiently harmful to evidence a deliberate indifference to serious medical needs." *Estelle*, 429 U.S. at 106; *Toussaint v. McCarthy*, 801 F.2d 1080, 1111 (9th Cir. 1986).

Chavez contends Officer Zorzakis was deliberately indifferent to his serious medical needs when he told hospital staff to "speed" Chavez through to discharge because he needed to be in a cell and not in a hospital bed. Officer Zorzakis testified that he did not instruct anyone not to provide Chavez with proper medical care. Chavez was admitted to the hospital at 6:49 a.m. Zorzakis was cleared of his responsibilities to observe Chavez at approximately 7:21 a.m. According to hospital medical records, Chavez was not discharged until 9:40 a.m. Chavez has not presented any evidence that he did not receive proper medical care at the hospital.

6

Chavez was booked into YCDF on the morning of June 23, 2007 and he filed his Complaint on February 12, 2008. Accordingly, the Court can only consider Chavez's claims arising between June 23, 2007 and February 12, 2008.

Chavez's grievances and medical records indicate that while Chavez mentioned a history of seizures, he did not complain he was having any such seizures until March 8, 2008, after the filing of this lawsuit. Similarly, Chavez's complaints regarding a cancerous growth, hardened lymph nodes, and brain disorders did not arise until after the filing of this lawsuit. Chavez could not have exhausted those claims prior to filing this lawsuit and those claims must be dismissed. This leaves only Chavez's claims that Defendants ignored his pain and requests to see a physician.

The first element to establish a deliberate indifference under the Eighth Amendment requires a showing of serious medical need. Chavez has not established a "serious medical need." Both Dr. Sheckleton and the County's medical expert testified that Chavez did not present with a serious or life-threatening medical condition at any time. Chavez does complain of "extreme physical pain" and attributes that pain to the car accident, but he does not specify what injuries he received in the accident. Chavez was diagnosed at St. Vincent's

7

Hospital as suffering from blunt trauma but the CT scan and x-rays were all negative.

Even assuming a serious medical need, it has not been established that Defendants were indifferent to Chavez's needs. While Chavez did make requests for medical care, the record demonstrates that Defendants were attentive to Chavez. When he complained of abdomen and lower back pain he was treated with prescription-strength Motrin. While Chavez contends he needed different or stronger treatment, he produced no evidence to establish such a claim. Chavez may have disagreed with the treatment he received, but mere disagreements between a prisoner-patient and prison medical personnel over the need for or course of medical treatment does not establish deliberate indifference. *Franklin v. State of Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981); *see also Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989) (difference of medical opinions). Chavez failed to establish he was suffering from a serious medical need or that Defendants were deliberately indifferent.

Accordingly, IT IS HEREBY ORDERED that the Motion for Summary Judgment for Defendants Compton and Zorzakis [*doc. #50*] is **GRANTED** and the Motion for Summary Judgment for Defendants Cooper, Kydland, Maxwell, McCave, and Sheckleton [*doc. 55*] is **GRANTED**.

8

The Clerk of Court is directed to enter judgment in favor of Defendants and close this case.

The Clerk of Court is also directed to have the docket reflect that the Court certifies, pursuant to Fed.R.App.P. 24(a)(3)(A), that any appeal of this decision would not be taken in good faith. Chavez failed to produce sufficient evidence to support his claims and as such no reasonable person could suppose that an appeal would have merit.

The Clerk of Court shall notify the parties of the making of this Order.

DATED this 20th day of January, 2010.

RICHARD F. CEBULL
UNITED STATES DISTRICT JUDGE